Carlos Makoto Taitano, State Bar No. 275820
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone: 1 671 777 0581
Email: makoto@taitano.us.com

Attorney for Applicant
Yutaka Yamashita

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of | ) )  Case Number: |
| Yutaka Yamashita, | ) ) |
| Applicant. | ) **DECLARATION OF AKIO NOGUCHI IN SUPPORT OF YUTAKA YAMASHITA'S** *EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

I, Akio Noguchi, declare as follows:

1. I am a Japan qualified attorney (b*engoshi* in Japanese), registered to practice law in Japan, and I am the Representative Member of the law firm of Arch-crest Law Office LPC, which is located in Chuo-ku, Tokyo, Japan.

2. I have personal knowledge of each matter stated herein.

3. In preparing this declaration, I have reviewed the evidence that is being submitted concurrently herewith, and my opinion below is based upon those documents or facts that I have been made aware of.

4. I submit this declaration in support of Yutaka Yamashita's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings (hereinafter "**Application**").

5. I was consulted by and advised Yutaka Yamashita (hereinafter "**Applicant**") about filing a civil lawsuit against, and to do so, discovering the true identity of, an anonymous individual (hereinafter "**Anonymous Individual**") who published an unlawful comment concerning the

Declaration of Akio Noguchi

Applicant to the Applicant's blog on the Ameba blogging platform (hereinafter "**Comment**") using the account with the display name of "*a*" (hereinafter "**Account**").

6. The date and time that the Comment was published was on March 14, 2023 at 18:30:46 Japan Standard Time (JST), which is 9:30:46 Greenwich Mean Time (GMT), and the IP address of the Account when it published the Comment was 17.56.152.180.

7. By conducting a search to find the owner of the IP address 17.56.152.180 (commonly known as a "WHOIS" search) at https://who.is/, I determined that Apple Inc. is the company that owns the subject IP address; attached as **Exhibits 1** is a true and correct copy of the results page of the search conducted to find the owner of the IP address.

8. Based upon the Statement of Information of Apple Inc. (hereinafter "**Apple**") filed November 14, 2023, the principal office of Apple is located at One Apple Park Way, Cupertino, California 95014; attached as **Exhibit 2** is a true and correct copy of the Statement of Information of Apple filed November 14, 2023 obtained from the California Secretary of State.

9. Because Apple's IP address is being shown as the Anonymous Individual's IP address, I suspect that the Anonymous Individual is using Apple's Private Relay service or a similar service provided by Apple, by which Apple's IP address is indicated in place of its user's IP address[1] in order to protect the anonymity of the Anonymous Individual.

10. Regardless of what service the Anonymous Individual used to camouflage his or her IP address, Apple is in a position to know the identity of the Anonymous Individual.

11. The Applicant has informed me that he would like to and intends to file a civil lawsuit in Japan against the Anonymous Individual for damaging the reputation of the Applicant pursuant to Articles 709 and 710 of the Civil Code of Japan.

12. Article 709 of the Civil Code provides as follows:

> **(Damages in Torts)**
> Article 709. A person who has intentionally or negligently infringed any right of others, or legally protected interest of others, shall be liable to compensate any damages resulting as a consequence.

---

[1] For an explanation on Apple's Private Relay service: https://whatismyipaddress.com/everything-you-need-to-know-about-apple-private-relay

Minpō [Civ. C.] 2006, art. 709 (Japan).

13. Article 710 of the Civil Code provides as follows:

**(Compensation for Damages Other than Property)**
Article 710. Persons liable for damages under the provisions of the preceding Article must also compensate for damages other than those to property, regardless of whether the body, liberty or reputation of others have been infringed, or property rights of others have been infringed.

Minpō [Civ. C.] 2006, art. 710 (Japan).

14. Based upon my experience as a lawyer qualified to practice law in Japan, the Applicant will be able to make out a prima facie case because the Comment meets the elements of a reputational tort under Articles 709 and 710, and therefore, the civil lawsuit that will be filed upon discovering the true identity of the Anonymous Individual will withstand a motion to dismiss in a civil court of Japan.

15. No statute of limitation or other limitation in time to commence an action will prevent the Applicant from filing the civil lawsuit against the Anonymous Individual.

16. In order to file a civil lawsuit in Japan, the true identity of a defendant is necessary, because the laws of Japan do not allow for a lawsuit to be filed against an anonymous person, and for this reason, the Applicant is unable to file the civil lawsuit pursuant to Articles 709 and 710 because the true identity of the Anonymous Individual is unknown.

17. The Applicant is seeking personal identifying information (hereinafter "**PII**") for the Anonymous Individual through the discovery sought by the Application in order to identify the true identity of the Anonymous Individual to file the civil lawsuit against the Anonymous Individual.

18. Apple is not, and will not be, a party or participant to the anticipated civil lawsuit in Japan described above and the information or documents sought through discovery are held by Apple in the United States, and therefore, the information or documents sought through discovery are outside the reach of a court of Japan's jurisdiction.

19. Based upon my experience as a lawyer qualified to practice law in Japan, I am not aware of any restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance for the purposes herein and in the Application.

20. Based upon my experience as a lawyer qualified to practice law in Japan, courts of Japan are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals publishing anonymous online statements.

21. The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States.

22. The following is the reason why access log (dates, times, IP addresses, and port numbers) of the Account (hereinafter "**Recent Access Log**") is necessary, in addition to other PII, to identify the Anonymous Individual:

    (a) When the tortfeasor, the Anonymous Individual in this case, access the internet to access the Applicant's online blog or Apple's services, the tortfeasor's electronic device (e.g., their laptop or smartphone) initially communicates with an ISP [2]. Subsequently, the ISP communicates with a company providing online services (hereinafter "**Online Service Provider**"), in our case Apple which is providing the Private Relay or other anonymization service to the Anonymous Individual. Subsequently, through the service provided by Apple, the Anonymous Individual accessed the online blog upon which the Comment was published.

    (b) In each communication, information such as an IP address, a port number, and a time stamp (the time when the specific communication occurred), may have been recorded, which records are commonly known as an "access log."

    (c) The ISP assigns an IP address and a port number to the tortfeasor when providing the tortfeasor with internet access, and therefore, the ISP is able to identify the

---

[2] ISP stands for Internet Service Provider, and is an entity that provides internet access services to users, and examples of ISPs in the United States are AT&T and Verizon.

Declaration of Akio Noguchi

tortfeasor using the access log because it has a record of to whom it assigned a certain IP address and port number at a certain time.

(d) The ISP may assign a different IP address and port number every time that a tortfeasor accesses the internet, and therefore, in order to identify a tortfeasor by using an IP address and a port number, the time and date that the person was accessing the internet using the specific IP address and port number is necessary.

(e) In layman terms, an IP address is the street address of the tortfeasor, while the port number is the room number.

(f) Initially, a victim of an unlawful act on the internet, such as the Applicant, does not know the ISP of the tortfeasor, and therefore, the victim needs for the Online Service Provider to disclose the access log in its possession, and the Recent Access Log sought by the subpoena is seeking this information from Apple.

(g) Apple, which is the Online Service Provider, likely has a record of the true IP address, port number, along with a timestamp of the Anonymous Individual because Apple allowed the Anonymous Individual to use Apple's IP address in order to anonymize the identity of the Anonymous Individual.

(h) By obtaining the IP address from the Online Service Provider, the victim is able to identify the ISP used by the tortfeasor, because IP addresses are owned by ISPs, and the IP addresses owned by an ISP is publicly available information.

(i) By identifying the ISP used by the tortfeasor, the victim can provide the access log (the IP address, the port number, and timestamp) to the ISP and request information such as the name and address of the tortfeasor from the ISP to identify the tortfeasor in order to file the civil lawsuit against the tortfeasor.

(j) In many cases, the Online Service Provider does not have accurate PII that is sufficient to identify the true identity of the tortfeasor because the Online Service Provider does not require the tortfeasor to record his or her true name, address, e-mail address, telephone number, or any other PII, which information must each be voluntarily provided by the tortfeasor.

(k) Where the tortfeasor used Apple's services to damage the reputation of the victim, because the PII is voluntary, most of the information obtained about the Anonymous Individual's account with Apple may be fictitious.

(l) For this reason, in many cases, the access log obtained from the Online Service Provider is the information that will lead to the victim identifying the true identity of the tortfeasor.

(m) Ideally, if the Online Service Provider keeps a complete access log indefinitely, a victim can more readily identify the tortfeasor.

(n) However, in practice, sufficient access log is not available because (i) the Online Service Provider does not record a complete access log for all communications, (ii) the Online Service Provider only keeps the access log for a short period of time (usually for three to six months); and (iii) a tortfeasor can use special anonymization computer programs to prevent the victim from identifying the tortfeasor through the use of the access log.

(o) Because the access log is deleted by the Online Service Provider after several months, the more recent access log is critical.

(p) The tortfeasor may be accessing the internet and the Online Service Provider using the anonymization computer program at times, but may have the program off at other times.

(q) For the foregoing reasons, more recent access log for a reasonable period of time is necessary because (i) the Online Service Provider may have not recorded a complete access log if discovery is limited to a short period of time, (ii) older access log has likely been deleted, and (iii) there is a possibility that the tortfeasor may have had his or her anonymization computer program turned off.

(r) If discovery is allowed only for a short period of time, and for only older access log, for the foregoing reasons, it will be less likely that the victim will be able to obtain information sufficient to identify the true identity of the tortfeasor.

(s)     Therefore, for the foregoing reasons, it is reasonable to allow discovery of recent access log, and to not limit discovery to the period at or about the time that the unlawful statement was published.

23.     In order for the Applicant to identify the Anonymous Individual through the ISP using an IP address and a port number, both the IP address and a corresponding port number and timestamp is necessary.

24.     Without a corresponding timestamp, a court of Japan will not order an ISP in Japan to disclose information, and an ISP in Japan will be unable to pin-point the tortfeasor that was using the IP address at a certain point-in-time.

25.     Additionally, where the port number is not disclosed, certain ISPs will be unable to pin-point the tortfeasor that was using the IP address even with a timestamp.

26.     A port number is only used in conjunction with an IP address to identify the ISP of the tortfeasor and is used by an ISP to pin-point who was using a certain IP address and a certain corresponding port number on a specific date and time, and therefore, a port number does not intrude upon a person's privacy.

27.     A timestamp only shows when a person accessed their online account using a specific IP address and port number, does not disclose what the person was doing using their online account, and therefore, discovery of a timestamp only minimally intrudes upon a person's privacy, and the evidentiary value of a timestamp in allowing the victim to identify the tortfeasor far outweighs any privacy issues.

28.     The destination IP address is the IP address of a website like that of the Applicant's Ameba blog.

29.     Because of the enormous volume of traffic that certain websites receive, some websites are maintained on several IP addresses.

30.     Some ISPs in Japan state that they cannot pinpoint the tortfeasor without the destination IP address (in addition to the IP address, port number, and timestamp), and therefore, if the Online Service Provider maintains the destination IP address, this maybe critical in identifying the tortfeasor.

Page **7** of **8**

Declaration of Akio Noguchi

31. The destination IP address is simply the IP address of a website such as that of Applicant's Ameba blog, and therefore, disclosure of this information by the Online Service Provider does not intrude upon a person's privacy.

32. Finally, PII (other than the Recent Access Log) ever registered with the Apple account is necessary, because based upon my experience as a lawyer qualified to practice law in Japan, the Anonymous Individual may have not planned to damage the Applicant until a time close to when the subject online statements were made, and as such, it is more likely that the Anonymous Individual may have used his or her true identity until a time close to when the online statement was published.

33. Recent PII is also relevant and necessary, because the Anonymous Individual may have not changed PII that is not displayed publicly.

34. The discovery of PII requested is not unduly intrusive, because this information is narrowly tailored to discover the true identity of the Anonymous Individual and is not seeking irrelevant information.

35. Based upon my experience, where an online account is used for a legitimate purpose, PII is only changed occasionally, and because this information is stored by Apple in the ordinary course of its business, the burden placed upon Apple in disclosing this information is minimal.

36. Based upon the foregoing, the information and documents sought from Apple is highly relevant and crucial to the Applicant's anticipated civil lawsuit in Japan and is narrowly tailored and limited to the discovery of information necessary to identify the true identity of the Anonymous Individual against whom the civil lawsuit will be filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November ___21___, 2023.

_____
AKIO NOGUCHI

Declaration of Akio Noguchi

# 17.56.152.180 address profile

Whois (/whois-ip/ip-address17.56.152.180)    Diagnostics (/tools/17.56.152.180)

IP Whois

**Exhibit 1**

```
NetRange:       17.0.0.0 - 17.255.255.255
CIDR:           17.0.0.0/8
NetName:        APPLE-WWNET
NetHandle:      NET-17-0-0-0-1
Parent:          ()
NetType:        Direct Allocation
OriginAS:
Organization:   Apple Inc. (APPLEC-1-Z)
RegDate:        1990-04-16
Updated:        2023-11-15
Comment:        Geofeed https://ip-geolocation.apple.com
Ref:            https://rdap.arin.net/registry/ip/17.0.0.0


OrgName:        Apple Inc.
OrgId:          APPLEC-1-Z
Address:        20400 Stevens Creek Blvd., City Center Bldg 3
City:           Cupertino
StateProv:      CA
PostalCode:     95014
Country:        US
RegDate:        2009-12-14
Updated:        2017-07-08
Ref:            https://rdap.arin.net/registry/entity/APPLEC-1-Z


OrgTechHandle: RAUSC15-ARIN
OrgTechName:   Rauschenberg, David
OrgTechPhone:  +1-408-974-8678
OrgTechEmail:  drauschenberg@apple.com
OrgTechRef:    https://rdap.arin.net/registry/entity/RAUSC15-ARIN

OrgTechHandle: ZA42-ARIN
OrgTechName:   Apple Computer Inc
OrgTechPhone:  +1-408-974-7777
OrgTechEmail:  Apple-NOC@apple.com
OrgTechRef:    https://rdap.arin.net/registry/entity/ZA42-ARIN

OrgAbuseHandle: APPLE11-ARIN
OrgAbuseName:   Apple Abuse
OrgAbusePhone:  +1-408-974-7777
OrgAbuseEmail:  abuse@apple.com
OrgAbuseRef:    https://rdap.arin.net/registry/entity/APPLE11-ARIN

RTechHandle: RAUSC15-ARIN
RTechName:   Rauschenberg, David
RTechPhone:  +1-408-974-8678
RTechEmail:  drauschenberg@apple.com
RTechRef:    https://rdap.arin.net/registry/entity/RAUSC15-ARIN

RTechHandle: ZA42-ARIN
RTechName:   Apple Computer Inc
```

**Exhibit 1**

```
RTechPhone:   +1-408-974-7777
RTechEmail:   Apple-NOC@apple.com
RTechRef:     https://rdap.arin.net/registry/entity/ZA42-ARIN
```

Transfers (https://www.name.com/domain-transfer)   Premium Domains (https://www.name.com/aftermarket?searchtype=premium)   Web Hosting (https://www.name.com/purchase/hosting)   Website Builder (https://www.name.com/website-builder)   Contact Us (/contact)   FAQs (/faq)   Terms of Service (/terms)

**Exhibit 1**



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20231736595 |
| Date Filed: 11/14/2023 |

**Entity Details**

| | |
|---|---|
| Corporation Name | APPLE INC. |
| Entity No. | 0806592 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | ONE APPLE PARK WAY<br>CUPERTINO, CA 95014 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | ONE APPLE PARK WAY<br>CUPERTINO, CA 95014 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | ONE APPLE PARK WAY<br>CUPERTINO, CA 95014 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| Kate Adams | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Secretary |
| Luca Maestri | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Chief Financial Officer |
| Timothy Cook | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| Thomas R. La Perle | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| Michael Shapiro | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Corporate Treasurer |
| Jeff Williams | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Chief Operating Officer |
| Bruce Watrous Jr. | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| Luca Maestri | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Sr. Vice President |
| Kyle Andeer | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| Chris Kondo | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Principal Accounting Officer |
| Peter R. Denwood | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |

**Exhibit 2**

| | | | |
|---|---|---|---|
| • Kate Adams | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Sr. Vice President |
| • Kate Adams | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | General Counsel |
| • Matt Miller | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Treasurer | |
| • Samuel John Whittington | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| • Matthew Currie | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| • Heather Grenier | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| • Deirdre O'Brien | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Other | Sr. Vice President |
| • Jeffrey Myers | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| • Colette Mayer | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |
| + Alanna Rutherford | ONE APPLE PARK WAY CUPERTINO, CA 95014 | Assistant Secretary | |

Directors

| Director Name | Director Address |
|---|---|
| • Albert Gore Jr. | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Andrea Jung | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Arthur Levinson | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Ronald D. Sugar | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Timothy Cook | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Susan Wagner | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • James Bell | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Monica Lozano | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| • Alex Gorsky | ONE APPLE PARK WAY CUPERTINO, CA 95014 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM Registered Corporate 1505 Agent |

**Type of Business**

| | |
|---|---|
| Type of Business | R&D, sale, service & support |

**Email Notifications**

| | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

**Exhibit 2**

B2253-8837 11/14/2023 5:54 AM Received by California Secretary of State

| |
|---|
| No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code. |
| Electronic Signature |
| ☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign. |
| *Kelly Lettmann*                                                              *11/14/2023* |
| Signature                                                                         Date |

B2253-8838 11/14/2023 5:54 AM Received by California Secretary of State

**Exhibit 2**