1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF YUTAKA YAMASHITA,<br><br>Applicant. | Case No.  23-mc-80305-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>[Re:  ECF No. 1] |

On November 23, 2023, Applicant Yutaka Yamashita filed an *ex parte* application pursuant to 28 U.S.C. § 1782 for an order granting leave to obtain limited discovery from Respondent Apple Inc. in connection with a potential legal action in Japan.  *See* ECF No. 1 ("App.").  For the reasons set forth below, the Court GRANTS the application.

## I.    BACKGROUND

Applicant is a resident of Japan that writes a blog on the Ameba blogging platform.  ECF No. 1-1 ("Yamashita Decl.") ¶¶ 1, 4.  An Anonymous Individual with a display name of "*a*" published a comment to Applicant's blog post falsely accusing Applicant of being a drug addict and for having a history of being arrested by the police.  *Id.* ¶¶ 6, 8.  Although the comment was removed, at least 100 people had viewed the comment before it was removed.  *Id.* ¶¶ 9–10.  Applicant alleges that the comment caused Applicant significant emotional and physical harm.  *Id.* ¶¶ 10–13.

Applicant seeks to file a civil lawsuit in Japan for violation of Japanese tort law, but the laws of Japan do not permit lawsuits to be filed against anonymous persons.  *See id.* ¶¶ 15, 19; ECF No. 1-2 ("Noguchi Decl.") ¶¶ 10, 16.  Applicant has been unable to discern the true identity of the Anonymous Individual, which Applicant needs to proceed with the contemplated civil

lawsuit.  *See* Yamashita Decl. ¶ 14.  However, Applicant was able to identify the IP address of the Anonymous Individual and that the IP address is owned by Apple.  *See id.* ¶ 7; Noguchi Decl. ¶ 7.

Applicant seeks discovery of personally identifying information ("PII") for the Anonymous Individual from Apple to determine who to name in the lawsuit.  *See* App., Ex. A ("Subpoena").  The Subpoena requests documents sufficient to show the names, physical addresses, e-mail addresses, telephone numbers, credit cards, and payment methods associated with the Anonymous Individual's IP address and Apple accounts, as well as access log information for the three-month period preceding November 23, 2023, through the date that Apple responds to the Subpoena.  *See id.* 1–2.

Applicant filed an *ex parte* application asking this Court to authorize the serving of the Subpoena on Respondent.  *See* App.

## II.    LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply

2

because it has the authority to do so." *Intel*, 542 U.S. at 264.  Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61.  In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.  In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.    DISCUSSION

### A.    Statutory Requirements

Applicant's request satisfies the requirements of Section 1782.  First, the statute requires that the respondent be found in the district.  A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting

United States District Court
Northern District of California

1   cases).  Apple is headquartered in Cupertino, California.  Noguchi Decl. ¶ 8, Ex. 1.  That is within
2   this district, so this requirement is met.

3           Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a
4   proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be
5   "within reasonable contemplation."  *Intel*, 542 U.S. at 259.  Here, Applicant intends to file a civil
6   lawsuit in Japan, but must identify the Anonymous Individual to do so.  *See* Yamashita Decl.
7   ¶¶ 15, 19; Noguchi Decl. ¶¶ 10, 16.  The civil lawsuit in Japan is within reasonable contemplation,
8   so this requirement is met.

9           Third, an application under Section 1782 must be brought by an "interested person."  A
10  litigant in a foreign proceeding is an "interested person" for purposes of Section 1782.  *Intel*, 542
11  U.S. at 256–57.  As a putative plaintiff in a civil lawsuit, Applicant is an interested person.  *See*
12  Yamashita Decl. ¶¶ 10, 16.

13          **B.    Discretionary *Intel* Factors**
14          The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of
15  the Court granting the application.

16                  **i.    Respondent is not a participant in the foreign action.**
17          The first factor, whether the respondent is a participant in the foreign action, supports
18  obtaining discovery from entities who are not parties in the foreign tribunal.  *Intel*, 542 U.S. at
19  264.  "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's
20  jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable
21  absent § 1782(a) aid."  *Id.*  Here, Apple will not be a party or participant in the Japan civil lawsuit;
22  the only other party would be the Anonymous Individual.  Noguchi Decl. ¶ 18.  This factor
23  therefore weighs in favor of granting the application.

24                  **ii.    Japanese courts are receptive to U.S. judicial assistance.**
25          The Supreme Court next requires a district court to consider "the nature of the foreign
26  tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign
27  government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542
28  U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the

United States District Court
Northern District of California

1    information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4

2    (N.D. Cal. Mar. 24, 2016).

3          The Court is not aware of any directive from Japan against the use of Section 1782

4    evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at

5    *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling

6    should be informed by section 1782's overarching interest in 'providing equitable and efficacious

7    procedures for the benefit of tribunals and litigants involved in litigation and international

8    aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))).  And

9    Applicant's attorney, who is licensed to practice law in Japan, stated that "[b]ased upon my

10   experience as a lawyer qualified to practice law in Japan, courts of Japan are receptive to

11   assistance in discovery by U.S. federal courts, including for discovery of PII of individuals

12   publishing anonymous online statements."  Noguchi Decl. ¶ 20.  This factor weighs in favor of

13   granting discovery.

### iii.    There is no circumvention of foreign discovery procedures.

15         The third factor asks a court to consider whether the applicant is aiming to circumvent the

16   foreign jurisdiction's proof-gathering restrictions.  *Intel*, 542 U.S. at 265.  This factor will weigh

17   in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent

18   foreign proof-gathering restrictions."  *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

19   7146994, at *3 (N.D. Cal. Dec. 15, 2014).

20         Here, there is no reason to believe that Applicant is seeking to circumvent Japanese

21   evidence laws.  Applicant's attorney confirmed that "Applicant is not attempting to circumvent

22   any foreign proof-gathering restrict ions or other policies of Japan or the United States."  Noguchi

23   Decl. ¶ 21.  Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### iv.    The request is not unduly burdensome or intrusive.

25         The last *Intel* factor asks a court to consider whether the proposed discovery is overly

26   burdensome or intrusive.  542 U.S. at 265.  The Subpoena seeks information from Apple about the

27   Anonymous Individual.  The Subpoena is narrowly tailored to seeking the information that is

28   necessary to identify the putative defendant, and courts have found that requests seeking similar

United States District Court
Northern District of California

information were not unduly intrusive or burdensome.  Noguchi Decl. ¶¶ 22–35; *see, e.g.*, *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021).  To the extent Apple asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order.  *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Applicant Yutaka Yamashita's *ex parte* application for an order authorizing discovery for use in a foreign proceeding under 28 U.S.C. § 1782(a) is GRANTED.

Dated:  November 27, 2023

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California